

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# Basil Okocha v. Lab Corp Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Basil Okocha v. Lab Corp Amer" (2009). *2009 Decisions.* Paper 1825.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1825

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-101**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3819

———————

BASIL C. OKOCHA,

                                            Appellant

v.

LABORATORY CORPORATION OF AMERICA;
CENTER FOR FAMILY HEALTH, HOBOKEN, NJ

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-01791)
District Judge:  Honorable Jose L. Linares

———————

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed : February 24, 2009  )

———————

OPINION

———————

PER CURIAM

Appellant Basil Okocha ("Okocha") filed this civil action against Laboratory

Corporation of America and the Center for Family Health, Hoboken, NJ ("Appellees"),

alleging that Appellees colluded with the FBI to inject him with the Human Immunodeficiency Virus ("HIV"), then covered-up this fact by falsifying subsequent HIV test results, which negligently inflicted emotional distress upon Okocha. The District Court exercised federal diversity jurisdiction under 28 U.S.C. § 1332, and correctly identified New Jersey law as controlling with respect to the substance of Okocha's claims. On August 15, 2008, the District Court granted Appellees' motion for summary judgment and dismissed Okocha's complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.

A party attempting to survive summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. United States Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (citation omitted). Accepting as true that Okocha is currently HIV-positive, he nonetheless has failed to show the existence of a genuine issue of material fact with regard to Appellees' alleged infection of him with the retrovirus. Likewise, Okocha has also failed to offer anything beyond pure speculation to show that Appellees falsified any of his HIV test results.

It follows, then, that Okocha cannot impute his alleged emotional distress to the Appellees because he has failed to produce any evidence of tortious conduct on their part. Equally fatal to Okocha's claim for negligent infliction of emotional distress ("NIED") is the absence of any evidence in the record showing that he "has suffered emotional

2

distress so severe that no reasonable [person] could be expected to endure it." Schillaci v. First Fid. Bank, 709 A.2d 1375, 1380 (N.J. Super. Ct. App. Div. 1998) (quoting Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988)).[1]

On appeal, Okocha directs our attention to two New Jersey cases which he believes compel reversal of the District Court's decision. The first case is In re Jascalevich License Revocation, 442 A.2d 635 (N.J. Super. Ct. App. Div. 1982), which held, inter alia, that "a deliberate falsification by a physician of his patient's medical record . . . must be regarded both as gross malpractice endangering the health or life of his patient." Id. at 645. The second case, Rosenblit v. Zimmerman, 766 A.2d 749 (N.J. 2001), involved "a physician who deliberately destroyed and altered medical records in anticipation of a patient's malpractice lawsuit against him." Id. at 752. There, the Supreme Court of New Jersey held that the patient had an actionable fraudulent concealment claim based on the physician's spoliation of evidence. Id. at 758. In addition to Okocha's concession that "this is not a [medical] malpractice lawsuit," (Dist. Ct. Op. at 2-3 n.4), the aforementioned cases are also inapplicable based on our conclusion that Okocha has failed to produce any evidence of tortious conduct on the part of Appellees.

---

[1] It is unclear why the District Court used the NIED by proxy standard, in New Jersey referred to as a Portee bystander claim, see Dunphy v. Gregor, 642 A.2d 372, 373-74 (N.J. 1994), to assess Okocha's NIED claim because Okocha is alleging that his injury resulted in emotional distress to himself. Regardless, this apparent misapprehension has no bearing on our ultimate disposition.

There being no substantial question presented by Okocha's appeal, we will summarily affirm the District Court's order granting summary judgment for Appellees. See LAR 27.4; I.O.P. 10.6.